IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 00-40089-01-DDC

SCOTT ALLEN WALKER (01),

Defendant.

## AMENDED MEMORANDUM AND ORDER

This Amended Order proves a proposition that probably doesn't need proving. Judges, like other human beings, sometimes make mistakes. That's precisely what happened here. But correcting that mistake does not change the outcome for Mr. Walker.

First, the background: On March 30, 2017, the court conducted a final revocation hearing in Mr. Walker's case. Mr. Walker stipulated to violating six conditions of his supervised release. The highest grade of the six was a Grade C violation and those violations, combined with Mr. Walker's Category VI criminal history, produced a policy statement range of eight to 14 months. The court sentenced Mr. Walker to 14 months but imposed no new term of supervised release. A week later, Mr. Walker filed a Motion for Order Nunc Pro Tunc. Doc. 98. It asked the court to recommend that the Bureau of Prisons give Mr. Walker sentence credit for time he had spent living at a halfway house under modified conditions that applied to the term of supervised release. To his credit, Mr. Walker recognized that the court lacked "jurisdiction to award any sentence credit." *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994). But likening his request to other recommendations that sentencing judges sometimes make, Mr.

Walker asked for an "advisory" recommendation that the Bureau give credit for time he had spent living at the halfway house.

Now, the mistake: In its original Order on this subject – Doc. 100 – the court asserted that Mr. Walker already had made this request at his final revocation hearing, and the court had rejected it. Doc. 100 at 1. This is where the court erred. Simply, it confused Mr. Walker's request in his motion with a similar request that another offender had made in another revocation hearing conducted just a few days after Mr. Walker's hearing. The record confirms that Mr. Walker had made no such request during his hearing. So, by this Order, the court corrects Doc. 100 to omit this erroneous assertion.

With its error noted and correction completed, the court now returns to the substance of Mr. Walker's nunc pro tunc motion. Should the outcome of Mr. Walker's motion change? The court concludes that result stands. The following paragraphs explain why.

On procedural nuances, Mr. Walker's motion asks the court to "correct the judgment" by issuing an order nunc pro tunc. *See* Doc. 98 at 1. But the relief his motion seeks doesn't really fit within this kind of motion. Our Circuit has explained the purpose of an order nunc pro tunc:

> The function of a nunc pro tunc order is to recite the action theretofore taken but not properly or adequately recorded. It is not the function of an order nunc pro tunc to alter the judgment actually rendered. Its purpose is to merely correct the record of the judgment. A court does not have the power to modify an original judgment under the guise of an order nunc pro tunc.

*Cairns v. Richardson*, 457 F.2d 1145, 1149 (10th Cir. 1972) (citations omitted). More recently, the Circuit amplified the proper role of a nunc pro tunc order. The relief grantable on such an order "is merely descriptive of the inherent power of the court to make its records speak the truth – to record that which was actually done, but omitted to be recorded. It is no warrant for the entry of an order to record that which was omitted to be done." *Sviridov v. Ashcroft*, 358 F.3d

722, 731 (10th Cir. 2004) (citation and internal quotation marks omitted). Mr. Walker never asserts – nor could he – that the judgment entered against him inaccurately "record[s] that which was actually done" at his hearing. *Id.* The truth is that Mr. Walker's motion invites the court to do something it cannot do – "modify an original judgment under the guise of an order nunc pro tunc." *Cairns*, 457 F.2d at 1145.

But moving to the substance of Mr. Walker's request, the court is convinced that it was right to decline it. In *Reno v. Koray*, 515 U.S. 50 (1995), the Supreme Court held that time spent under restrictive conditions of release (including time spent in a community treatment center (CCC) or some similar facility) was not official detention entitling an inmate to credit for custody time under 18 U.S.C. § 3585(b). *Id*. at 52. The Supreme Court concluded that the confluence of the Bail Reform Act and 18 U.S.C. § 3585(b) supported the BOP's interpretation that a defendant either is released (with no credit for time under conditions of release) or detained (with credit for time in official detention). *Id*. at 57. In so holding, *Koray* explicitly overruled *Brown v. Rison*, 895 F.2d 533 (9th Cir. 1990). As a consequence, awarding presentence time credit under 18 U.S.C. § 3585 for time spent under restrictive conditions was discontinued.

Under *Koray*, time spent in residence at a CCC or some other similar facility under the Pretrial Services Act of 1982 (18 U.S.C. §§ 3152-3154), or on a condition of bond or release on own recognizance (18 U.S.C. §§ 3141-3143, formerly § 3146), or as a condition of parole, probation or supervised release, is not creditable to the service of a subsequent sentence. *Koray*, 515 U.S. at 60 n.4. Also, even a release condition that is "highly restrictive" (including "house arrest", "electronic monitoring," or "home confinement") or one requiring a defendant to report daily to the United States Marshal, United States Probation Office, or some other person is not

3

considered as time spent in official detention.  *Id*.  In sum, under *Koray*, a defendant is not entitled to any credit off a subsequent sentence – no matter the severity or degree of restrictions – if the defendant's release was on a condition of bond or as a condition of parole, probation, or supervised release.

As his motion recognizes, beginning in January 2017, Mr. Walker began living at a halfway house because he had violated a condition of the term of supervised release imposed on him by his original sentence.  Doc. 98 at 1.  Mr. Walker readily agreed to modify his conditions to give the United States Probation Officer discretion to require him to live there.  *See* Doc. 84 at 2.  This modified condition permitted Mr. Walker to avoid an otherwise mandatory revocation following his many failed drug tests.  In no way was his halfway house experience even close to the kind of official detention that would justify the recommendation he seeks.

In sum, the court declines to make a recommendation – even an advisory one – inviting the Bureau of Prisons to disregard settled law.  The defendant's Motion for Order Nunc Pro Tunc (Doc. 98) is denied.  The court also directs the clerk to modify the docket to show that the court's order of April 13, 2017 (Doc. 100) is corrected in part by this Amended Order.

**IT IS SO ORDERED.**

**Dated this 15th day of May, 2017, at Topeka, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**